IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARKEL AMERICAN
INSURANCE COMPANY,

                Plaintiff and
                Counterclaim-Defendant,

          v.

FRED BACHMAN,

                Defendant and
                Counterclaim-Plaintiff,

          v.

MURPHY INSURANCE SERVICES
INC.,

                Third Party Defendant.[1]

OPINION AND ORDER

09-cv-226-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Markel American Insurance Company has moved to stay all further

proceedings in this case pending the completion of arbitration to resolve the parties' dispute

---

      [1] In its answer, defendant refers to Murphy Insurance Services Inc. as a "counterclaim defendant," without explaining how it could be the subject of a counterclaim when it was not a party until defendant joined it in this case. I have substituted the term "third party defendant" to describe Murphy's role in the case more accurately.

over the interpretation of a contract of ocean marine insurance.  It asserts jurisdiction under 28 U.S.C. § 1333 (admiralty, maritime and prize cases).

Defendant Fred Bachman objects to arbitration, arguing that plaintiff has not shown that he can be compelled to arbitrate his dispute over coverage with plaintiff and third party defendant Murphy Insurance Services, Inc.  He seeks reformation of the policy to correct the policy's limits and recognize that it is an inland marine insurance policy rather than an ocean marine policy.

The parties' dispute arises out of a policy of insurance defendant purchased from plaintiff to insure his boat.  The boat was damaged while someone other than defendant was operating it; plaintiff has refused coverage on the ground that the policy covered the value of the boat only if a "Named Operator" was at the helm at the time of the accident.

Defendant maintains that he was never informed of the provision in the policy limiting recovery to losses incurred when a named operator is operating the boat.  He agrees that he received a copy of the policy but alleges that when he received it, the Named Operator endorsement was not attached to the policy; had it been, he says, he would have remembered it because it was a dramatic change in the policy's provisions.

To date, defendant has been unwilling to engage in arbitration, contending that he is not required to because he was never advised of the Named Operator provision; because plaintiff has refused all requests to produce proof that the applicable endorsement was ever

2

sent to him; and because plaintiff has not shown that it ever received approval from the Wisconsin Commissioner of Insurance to include a binding arbitration clause in the policy it issued to him.  Defendant has counterclaimed for reformation of the insurance contract, alleging that plaintiff changed the nature of the policy from "inland marine" to "ocean marine" during the term of the policy without seeking approval from the Wisconsin Commissioner of Insurance.


OPINION

Plaintiff says that it sent defendant a copy of the endorsement but nothing in the parties' submissions supports this assertion.  On the other hand, defendant denies ever receiving a copy of the endorsement; if he had, he says, he would have remembered such a significant change in coverage.  Plaintiff says that a similar endorsement was part of the policy that defendant took out for the years 2005-07.  Clearly, this issue is in dispute.

If this were the only dispute, the matter could still be referred to arbitration. leaving it to the arbitrator to determine the validity of the contract.  "[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-446 (2006).  See also 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order

3

directing the parties to proceed to arbitration in accordance with the terms of the agreement"). Defendant has raised an additional dispute, however, that makes it premature to order arbitration. He alleges that plaintiff converted the policy to ocean marine from inland marine during the policy term without obtaining the approval of the insurance commissioner. If defendant is correct that such a change was made and that it required the approval of the state insurance commissioner, presumably the policy would have to be analyzed as one that was never converted from inland marine. In that case, it is at least doubtful whether this court would continue to have jurisdiction to hear a case no longer based in admiralty. If it did, and if inland marine policies are not exempt from the requirement of approval by the insurance commissioner, plaintiff would have to show that the policy at issue had received such approval. Otherwise, the validity of the arbitration provision would be called into question.

Neither plaintiff nor defendant has argued the reformation issue or submitted any evidence bearing on it. Because it is defendant that alleged the need for reformation and would have the burden of proving it, his failure to argue the claim or support it with evidence could be treated as waiver.

I believe that the fairer way to proceed is to allow the parties to develop the issue. It is a critical one because plaintiff has made a strong showing that ocean marine policies are exempt from the requirement of approval by the insurance commissioner. Wis. Stat. §

4

631.85 gives general approval to compulsory arbitration of insurance disputes, subject to the provisions of § 631.20, which govern the filing and approval of forms subject to § 63.01(1), which in turn makes the provisions of Wis. Stat. chs. 631 and 632 applicable to all insurance policies delivered or issued for delivery within the state.  Under Wis. Admin. Code § Ins. 6.75, the Commissioner of Insurance has given ocean marine policies such as the one at issue specific exemption from the requirements of filing and approval.

Plaintiff has shown that the disputed endorsement (WC5103-0207) was listed on the declarations page of the 2008-09 policy that defendant received, undercutting his argument that he lacked notice of the endorsement and putting into question the commissioner's reliance in his June 3, 2009 letter to plaintiff on the purported lack of reference to the endorsement.  Thus, it appears that unless the policy is not a valid ocean marine policy, plaintiff will have shown that arbitration is warranted.   Sharif v. Wellness International Network, Ltd. 376 F.3d 720, 726 (7th Cir. 2004) ("The Federal Arbitration Act, however, states that if the parties have an arbitration agreement and the asserted claims are within its scope, the motion to compel cannot be denied.")  More complete briefing and proposed findings of fact should shed more light on the availability of arbitration to resolve the coverage issue.

ORDER

5

IT IS ORDERED that defendant may have until July 8, 2009, in which to file and serve a motion for summary judgment, together with a brief and proposed findings of fact, on the question whether the parties' dispute over insurance coverage is subject to arbitration. Plaintiff may have until July 29, 2009, in which to file and serve a brief and proposed findings of fact in response. Defendant may have until August 9, 2009, in which to file and serve a reply brief and proposed findings of fact in reply to plaintiff's proposals. The parties are to follow the procedures set out in the attachment ("Procedure to be Followed on Motions for Summary Judgment"). The parties should not limit their briefing to the issue of reformation, but should address any issue they believe is relevant to resolution of the motion.

Entered this 24th day of June, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

I.  MOTION FOR SUMMARY JUDGMENT

A.   Contents:

    1.   A motion, together with such materials permitted by Rule 56(e) as the moving party may wish to serve and file; and

    2.   In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; and

    3.   Evidentiary materials (see I.C.); and

    4.   A supporting brief.

B.   Rules Regarding Proposed Findings of Fact:

    1.   Each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition.

    2.   Each factual proposition must be followed by a reference to evidence supporting the proposed fact.  For example,

> "1.  Plaintiff Smith bought six Holstein calves on July 11, 2006.
> Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

    3.   The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor.  For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

7

4.      The court will not consider facts contained only in a brief.

C.   Evidence

1.      As noted in I.B. above, each proposed finding must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use:

   a.      Depositions.  Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

   b.      Answers to Interrogatories.  State the number of the interrogatory and the party answering it;

   c.      Admissions made pursuant to Fed. R. Civ. P. 36.  (state the number of the requested admission and the identity of the parties to whom it was directed); or

   d.      Other Admissions.  The identity of the document, the number of the page, and paragraph of the document in which that admission is made.

   e.      Affidavits.  The page and paragraph number, the name of the affiant, and the date of the affidavit.  (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

   f.      Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties.  (State exhibit number, page and paragraph.)

## II.  RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A.   Contents:

1.      A response to the moving party's proposed finding of fact; and

8

2.      A brief in opposition to the motion for summary judgment; <u>and</u>

3.      Evidentiary materials (See I.C.)

B.      In addition to responding to the moving party's proposed facts, a responding party may propose its own findings of fact following the procedure in section I.B. and C. above.

1.      A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.

2.      The purpose of additional proposed findings of fact is to SUPPLEMENT the moving party's proposed findings of fact, not to dispute any facts proposed by the moving party. They do not take the place of responses.  Even if the responding party files additional proposed findings of fact, it MUST file a separate response to the moving party's proposed findings of fact.

C.      Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D.      Rules Regarding Responses to the Moving Party's Proposed Factual Statements:

1.      Answer each numbered fact proposed by the moving party in separate paragraphs, <u>using the same number</u>.

2.      If you dispute a proposed fact, state your version of the fact and refer to evidence that supports  that version.  For example,

Moving party proposes as a fact:

"1.  Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

Responding party responds:

"1.  Dispute.  The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

3.      The court prefers but does not require that the responding party repeat verbatim the moving party's proposed fact and then respond to it.  Using this format for

9

the example above would lead to this response by the responding party:

"1.  *Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.*

**"Dispute.** The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull."  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

4.      When a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute. The court will disregard any new facts that are not directly responsive to the proposed fact.  If a responding party believes that more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.

E.      Evidence

1.      Each fact proposed in disputing a moving party's proposed factual statement and all additional facts proposed by the responding party must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1. a. through f.

2.      The court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence.

### III.  REPLY BY MOVING PARTY

A.  Contents:

1.      An answer to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials; and

2.      An answer to each additional numbered factual statement proposed by the responding party under Procedure II.B., if any, together with references to evidentiary materials; and

10

3.      A reply brief; <u>and</u>

4.      Evidentiary materials (see I.C.)

B.      If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in section II.

C.      When the moving party answers the responding party's responses to the moving party's original proposed findings of fact, and answers the responding party's additional proposed findings of fact, the court prefers but does not require that the moving party repeat verbatim the entire sequence associated with each proposed finding of fact so that reply is a self-contained history of all proposed facts, responses and replies by all parties.

## IV.  <u>SUR-REPLY BY RESPONDING PARTY</u>

A responding party shall not file a sur-reply without first obtaining permission from the court.  The court only permits sur-replies in rare, unusual situations.

11

## MOTION FOR SUMMARY JUDGMENT

| Deadline 1<br>(All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) | Deadline 2 | Deadline 3 |
|---|---|---|
| moving party's motion | | |
| moving party's brief | non-moving party's response brief | moving party's reply brief |
| moving party's proposed findings of fact | non-moving party's response to moving party's proposed findings of fact | moving party's reply to non-moving party's response to moving party's proposed findings of fact |
| | non-moving party's additional proposed findings of fact | moving party's response to non-moving party's additional proposed findings of fact, if any. |

## CROSS MOTIONS FOR SUMMARY JUDGMENT

| Deadline 1<br>(All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) | Deadline 2 | Deadline 3 |
|---|---|---|
| defendant's motion | | |
| defendant's brief | plaintiff's response brief | defendant's reply brief |
| defendant's proposed findings of fact | plaintiff's response to defendant's proposed findings of fact | defendant's reply to plaintiff's response to defendant's proposed findings of fact |
| plaintiff's motion | | |
| plaintiff's brief | defendant's response brief | plaintiff's reply brief |
| plaintiff's proposed findings of fact | defendant's response to plaintiff's proposed findings of fact | plaintiff's reply to defendant's response to plaintiff's proposed findings of fact |