IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARKEL AMERICAN INSURANCE
COMPANY,

        Plaintiff-Counterclaim Defendant,

        v.

FRED BACHMANN,

        Defendant-Counterclaim Plaintiff,

        v.

MURPHY INSURANCE SERVICES, INC.,

        Third Party Defendant.

OPINION AND ORDER

09-cv-226-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Markel American Insurance Company brought this action for declaratory relief, seeking an order from the court declaring that (1) defendant Fred Bachmann does not have an insurance policy with plaintiff that covers a boating accident that took place on July 24, 2008; (2) Policy No. RP2006972 does not afford Hull & Machinery coverage to defendant for the July 24, 2008 accident; (3) Policy No. RP2006972 excludes or suspends Hull & Machinery coverage for the July 24 accident; and (4) Policy No. RP2006972 requires

1

that the coverage dispute arising out of the incident of July 24, 2008 be submitted to mandatory and binding arbitration. Defendant Bachmann has asserted counterclaims against plaintiff and asserted a third party claim against Murphy Insurance Services, Inc. Defendant asserts claims of reformation of the insurance contract (to exclude the endorsement, delete the provision for mandatory arbitration, modify the insured value of the vessel and recognize the policy as an inland marine policy); breach of contract and bad faith.

The immediate question is whether this motion must be stayed to allow arbitration, as plaintiff contends it must be. Because the agreement to arbitrate was contained in an endorsement to Policy No. RP2006972 and it is disputed both whether defendant received the endorsement and whether he must have received the endorsement to be bound by it, plaintiff's motion for a stay and for arbitration must be denied.

The lawsuit grows out of a boating accident that occurred on July 24, 2008, while defendant's daughter was operating defendant's high performance speedboat on Castle Rock Lake. (Defendant had an accident with the same boat on the same lake in 2003. That accident and accompanying litigation are the subject of <u>Progressive Northern Insurance Co. v. Bachmann</u>, 314 F. Supp. 2d 820 (W.D. Wis. 2004).) Defendant had not named his daughter as a "named operator" in the insurance policy he purchased from plaintiff, through third party defendant Murphy. For this reason, plaintiff has denied liability for most of the costs defendant incurred, although it has paid certain unidentified claims. It contends that

2

defendant was aware of the provisions in the Named Operator endorsement to his policy limiting coverage to accidents occurring when one of the two named operators was at the wheel of the boat.

Plaintiff moved earlier for a stay of all proceedings until the parties could arbitrate the interpretation of the insurance contract. The parties' briefing on that motion revealed a number of factual issues that would have to be resolved before plaintiff's motion could be granted, including whether defendant had known of the named operator provision, whether he ever received the various endorsements on which plaintiff relies and whether the policy is one of inland marine or ocean marine. Thinking that more complete briefing and development of the facts would be helpful, I gave defendant until July 8, 2009 to file a motion for summary judgment. Defendant complied; the motion is fully briefed. Unfortunately, the additional briefing has only made it obvious that critical factual disputes remain, making it necessary to deny the motion. Until it is possible to determine whether defendant is bound by the arbitration provision in the policy to arbitrate the coverage issues, I must deny plaintiff's motion for stay pending arbitration. If the factual disputes are resolved in its favor, plaintiff can re-file the motion.

From the parties' proposed findings of fact, I find that the following facts are both undisputed and material.

UNDISPUTED FACTS

Plaintiff Markel American Insurance Company is a foreign insurance corporation, engaged in the business of writing and issuing policies of marine insurance. Defendant Fred Bachmann is an adult resident of the state of Wisconsin. Third party defendant Murphy Insurance Services, Inc. is an insurance agency duly authorized and licensed to transact business in the state of Wisconsin, having its principal place of business in Wisconsin.

Defendant is the owner of a high speed 1998 Wellcraft Scarab boat. On June 9, 2005, defendant signed an application for Yacht & High Speed Performance insurance for the boat at the office of third party defendant. Defendant listed the maximum speed of the boat as 80 miles per hour. The application contained the following information: "OPERATOR INFORMATION (NAMED OPERATOR ENDORSEMENT MAY APPLY," and it requested the applicant to "LIST ALL OPERATORS." The endorsement lists Kiya Bachmann and Fred Bachmann and their driver's license information, which plaintiff requires so that it may conduct an investigation of each operator's driving history. Plaintiff asks also for details on prior boats owned and operated by the named operators to insure that the operators have the prior experience and competence to handle a high performance boat. It will not issue a policy for such a boat without the named operator provision. Plaintiff issued a policy to defendant.

In setting the premium for a policy of high performance boat insurance, plaintiff takes

4

into account the operators' driving history and their history of handling high performance boats. Plaintiff increased the amount of the premium it quoted originally to defendant. (Plaintiff says it increased the premium after learning of defendant's driving violations; defendant says that third party defendant Murphy told him that the premium was increased because the potential speed increased with the installation of a new engine and because defendant increased the stated value of the boat from $80,000 to $100,000.) The section for the Hull Deductible on defendant's policy has a check in the box for "2% (Min. High Perform. Ded.)"

>The Wisconsin Amendatory endorsement to defendant's policy provides:
>
>Concealment or Misrepresentation or Fraud-This provision is deleted in its entirety and replaced with the following:
>
>No oral or written statement or representation made by you or on your behalf and no breach of an affirmative warranty affects our obligation under this policy:
>
>1. Unless we rely on it and it is either material or is made with intent to deceive; or
>
>2. Unless the fact misrepresented or falsely warranted contributes to the loss.
>
>In addition, no failure of a condition prior to the loss and no breach of promissory warranty affects our obligations under this policy unless it exists at the time of loss and either:
>
>1. Increases the risk at the time of loss; or

5

2. Contributes to the loss.

The valuation provision in the main policy provides as follows:

Valuation

This insurance is subject to a 100% coinsurance requirement. If at the time of loss, the actual cash value of the Property Insured under Watercraft, and Equipment exceeds the limit of liability shown on the Declarations Page, We will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit of liability by the total actual cash value of Your Property at the time of loss.

Our limit of liability for loss shall not exceed the *lesser* of:

A. The actual case value of the stolen or, damaged Property;

B. The property necessary to repair or replace the Property with like kind and quality with deduction for depreciation.

C. The limit of liability stated in the Declarations Page less any reasonable cost incurred in protecting the Property, or

D. $20,000 for Newly Acquired Property.

The valuation provision in the High Performance Boat Endorsement-Agreed Value provides as follows:

The Valuation provision is deleted in its entirety and replaced with the following:

Valuation

We have agreed with You on the value of the insured watercraft and equipment. The amount stated in the Declarations Page is the most We will pay for a loss to Your property.

6

When the policy was renewed in 2006 and 2007, it contained the same High Performance Boat Endorsement-Agreed Value as it did upon issuance in 2005. The original endorsement is numbered WC5037-0405. The same number was provided on each declaration page issued for the years 2006 and 2007. In 2008, however, the endorsement was renumbered to WC 5103-0207 on defendant's declaration page. The endorsement did not contain any substantive changes.

The basic policy defines "Insured Person" to include "any person operating your insured property with your prior permission." The language of the Endorsement is "The Named Operator(s) listed on the Declarations Page shall be at the helm, solely in control, and exclusively operating all aspects of steering and throttle of the Insured Property. If You violate this restriction, the coverage shall be suspended until You are no longer in violation of this restriction."

On July 24, 2008, a boat belonging to defendant and insured under a policy issued by plaintiff was damaged in an accident on Castle Rock Lake in Wisconsin, when neither Kiya nor Fred Bachmann was operating the boat. Although defendant has made repeated demands to plaintiff for payment under the policy, plaintiff has refused to reimburse defendant for any damage to the boat, although it has paid certain third party liability damages. Plaintiff denies that coverage exists under the policy because, at the time of the accident, the boat was being driven by an operator whom defendant had not listed on the

7

Declarations Page of his insurance policy. Defendant denies that he ever received copies of the Declarations Pages.

On March 29, 1996, plaintiff filed its Watercraft Insurance Policy with the Wisconsin Office of the Commissioner of Insurance. The filed policy was delineated by the commissioner as one for inland marine insurance. On November 3, 2006, plaintiff filed with the commissioner a Property & Casualty Rate/Rule Transmittal Form, by which it purported to alter the policy from inland marine to ocean marine. In a letter dated November 2, 2006, plaintiff advised the Office of the Commissioner that its Watercraft program would be undergoing reclassification "from Annual Statement Lines 9 (Inland Marine) and 17 (Other Liability) to Annual Statement Line 8 (Ocean Marine). This program will be reclassified in your state as a result of our recent review and determination regarding the appropriate line(s) of business for reporting this program." Defendant never received any notice of the purported alteration from third party defendant Murphy.

On February 27, 2009, the Office of the Commissioner of Insurance wrote plaintiff a letter concerning defendant's claim for coverage in which it stated:

> Our records indicate the type of policy involved is a Watercraft policy, Inland Marine. All documents involved with this policy are Inland Marine. My investigation revealed that in November 2006 the company filed a Rate/Rule filing with this office changing the classification to Ocean Marine. Regardless of the rate filing type, all forms would have had to been filed prior to use, to comply with s. 631.20, WI statutes.

8

> The approved form filings that are involved are what are called Inland Marine documents, not Ocean Marine, if that is a concern. All filed and approved form filings applicable to your policy are Inland Marine documents.

## OPINION

One matter can be disposed of relatively quickly. In the June 24, 2009 order, I suggested that this court might not have jurisdiction over this case if the policy were an inland marine one and not ocean marine. That suggestion was erroneous. Whatever the outcome of that question, jurisdiction exists to hear the case. All marine insurance contracts fall within a federal court's maritime jurisdiction, even if the policy restricts the operator to the inland waters of a particular state. La Reunion Française SA v. Barnes, 247 F.3d 1022, 1024 (9th Cir. 2001); Progressive Northern, 314 F. Supp. 2d at 822.

It does not follow, however, that the distinction between ocean marine and inland marine insurance polices is irrelevant for the purposes of this case. To the contrary, the issue is a critical one. Wis. Stat. § 631.13 provides that an insurance provision referred to in the policy but not fully set forth therein at the time of its delivery is not a part of the policy; this statutory provision does not apply to ocean marine insurance policies. Wis. Stat. 631.01(3) (listing statutes that *do* apply to ocean marine insurance and not listing § 631.13). Defendant is maintaining that he was never sent any of the endorsements or declarations pages that plaintiff contends were part of his policy. If that policy is an ocean marine policy,

9

he would be bound by the contents of the endorsements whether or not he received them. If he is correct and the policy is inland marine, plaintiff would have to prove that he received the endorsements, personally or through his agent, before it could enforce the conditions in the endorsements.

Plaintiff argues that insurance covering the *hulls* of boats (presumably the type of insurance at issue, although that fact is not entirely clear from the proposed facts) "generally falls in the ocean marine insurance classification," Plt.'s Br. in Opp., dkt. #34, at 6, whereas inland marine insurance applies to losses of *cargo*, not just on boats or ships but on other forms of transportation. Hunt Construction Group, Inc. v. Allianz Global Risks U.S. Insurance Co., 503 F.3d 632, 634 (7th Cir. 2007).

Defendant does not necessarily agree with plaintiff's position, but argues that whatever the general rule for categorizing marine insurance, Wisconsin law and the Office of the Commissioner of Insurance determines the classification and treatment of any particular insurance policy issued in this state. In this case, it appears that the commissioner treated the policy as an inland marine policy, because plaintiff filed a rate/rule form with the office, saying it was changing the policy to one of ocean marine, something it might not have had to do if the commissioner had viewed the policy as one of ocean marine all along. Defendant maintains that under Wis. Stat. § 631.36(5), plaintiff was required to provide notice to its Wisconsin policy holders at least 60 days before the change in classification and

that it failed to do so. As a consequence, it argues, the policy change was ineffective and the policy must be treated as an inland marine policy.

Wis. Stat. § 631.20 (1) prohibits insurers from using any forms that have not been approved by the commissioner except as exempted under certain subsections of § 631.01, including (3). The parties have approached this case on the assumption that the exemption would apply to an ocean marine policy, although it is far from clear whether this provision means that ocean marine insurers are exempt. Section 631.01 lists § 631.20(1) as applicable to ocean marine policies. Plaintiff contends that the statutory exemption relieves it of having to obtain the approval of the commissioner to change the designation of defendant's policy from inland to ocean marine. In its view, the policy has always been an ocean marine policy by nature, regardless of the way the commissioner classified it or plaintiff designated it internally. Defendant disagrees. He asserts that because the policy was filed initially as an inland marine policy and, according to the commissioner's letter of February 27, 2009, was still considered to be an inland marine policy, it is covered by the pre-approval requirements of § 631.20(1).

Plaintiff has cited several cases and at least one treatise holding that policies such as the one issued to defendant are properly characterized as ocean marine policies, but it has cited nothing to support its position that the legal characterization of the policy determines the applicability of Wisconsin's laws. In other words, it has not shown why this court would

11

be justified in finding that because the policy is one historically viewed as ocean marine, the state insurance commissioner must treat it that way, regardless of the label plaintiff put on the policy when it first filed it. Defendant has cited nothing to fill the void, thereby forfeiting his right to summary judgment on this issue. Although at trial it would be plaintiff's burden to prove the nonapplicability of the Wisconsin statutes to the policy, he cannot prevail at the summary judgment stage unless he can show that no reasonable factfinder could find that plaintiff was exempt from the requirements of § 631.20.

If plaintiff was able to prove that defendant received the endorsements and declarations he claims were never sent to him, it would be unnecessary to resolve the question of the applicability of the statute to the policy. In that instance, it would be immaterial whether plaintiff was or was not required to comply with § 631.13 ("No insurance contract may contain any agreement or incorporate any provision not fully set forth in the policy or in an application or other document attached to and made a part of the policy at the time of its delivery. . . .").

Defendant seems to think that his assertions of never having received the declarations pages and endorsements are conclusive proof that they were never sent, but he is wrong. "[I]t is well-established that evidence of proper mailing raises a rebuttable presumption of delivery." Laouini v. CLM Freight Lines, Inc., 2009 WL 2535818 *3 (7th Cir. Aug. 20, 2009) (citing Vincent v. City Colleges of Chicago, 485 F.3d 919, 922-23 (7th Cir. 2007);

12

In re Nimz Transp. Co., 505 F.2d 177, 179 (7th Cir. 1974)); Fed. R. Evid. 406 ("Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."). See also Hotaling v. Chubb Sovereign Life Ins. Co., 241 F.3d 572 (7th Cir. 2001) (affirming district court's holding that insurer complied with Illinois law that places burden on insurers to show that required notice addressed and mailed to policy holder; district court found that insurer met its burden by introducing evidence that it employed computer program that generated notices of premiums due and that policy holders listed on computer printout before plaintiff and after him remitted premiums); United States v. Ledesma, 632 F.2d 670, 675 (7th Cir. 1980) ("'testimony as to office practice is sufficient proof of mailing'") (quoting United States v. Joyce, 499 F.2d 9, 15 (7th Cir. 1974)). Third party defendant Murphy has proposed facts to the effect that it sent defendant copies of the policy and the endorsements and declarations; those proposals are sufficient to put into dispute defendant's proposed facts denying receipt of the endorsements and declarations.

Moreover, certain acts of defendant make it questionable whether he was as ignorant of the contents of the endorsements as he contends. First, it is undisputed that he submitted drivers' license information to plaintiff for himself and for his wife. This act casts doubt on his representation that he knew nothing about the named operator provision in his policy.

13

Second, he is asking for the agreed value of his boat, although the only basis he has for obtaining that amount is an endorsement he claims not to have received.

Nevertheless, the disputed facts preclude a grant of summary judgment. Defendant has failed to prove that he is entitled to summary judgment. His motion must be denied.

ORDER

IT IS ORDERED that defendant Fred Bachmann's motion for summary judgment is DENIED. Plaintiff Markel American Insurance Company's motion for a stay of

proceedings pending arbitration is DENIED as well.

The clerk of court is directed to set this matter for a scheduling conference before the United States Magistrate Judge. Counsel should be prepared to discuss how the case should proceed to a decision on the question whether this case must be stayed to allow arbitration.

Entered this 17th day of September, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge