IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARKEL AMERICAN INSURANCE
COMPANY,

                                                            ORDER

                    Plaintiff,

                                                           09-cv-226-bbc

    v.

FRED BACHMANN,

                    Defendant,

    v.

MURPHY INSURANCE SERVICES, INC.

                    Third-Party Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this action brought in admiralty, plaintiff Markel American Insurance Company is seeking a declaration that it owes no money to defendant Fred Bachmann for damages caused to his high performance speed boat. Defendant had a policy of insurance that he purchased from plaintiff through third-party defendant Murphy Insurance Services, Inc., but plaintiff has refused to pay for defendant's losses, contending that they occurred while the boat was being operated in breach of the Named Operator Endorsement contained in the policy.

1

Defendant has counterclaimed against plaintiff and filed a third-party complaint against Murphy for breach of contract and bad faith. Murphy responded with a "counterclaim" against plaintiff or, more accurately, a cross-claim, Fed. R. Civ. P. 13(g), because plaintiff never asserted any claims against Murphy. Plaintiff has now moved to dismiss, contending with apparent justification that Murphy has no grounds for claims of contribution and indemnity against it. Plaintiff argues that Murphy cannot show the predicates to recovery for contribution: the parties must be liable for the same obligation and the party seeking contribution must have paid more than a fair share of the obligation. <u>Rabas v. Claim Management Services, Inc.</u>, 205 Wis. 2d 483, 490, 556 N.W.2d 410 (Ct. App. 1996). According to plaintiff, the parties' potential obligations spring from different sources. Plaintiff can be liable to defendant only if the court determines that the insurance policy covers the damages to defendant's boat, whereas Murphy can be liable to defendant only if the court finds that the insurance policy does *not* cover the damages *and* Murphy is found to have breached an obligation it owed to defendant as his insurance agent. Alternatively, if Murphy is found to have been acting as plaintiff's agent rather than defendant's, Murphy would owe no duty to defendant and could not be held liable for any lack of coverage. The duty and liability would be those of plaintiff, his principal.

Plaintiff's argument makes considerable sense. However, Murphy argues that it does not take into consideration the precise nature of the claims that defendant asserted in his

2

counterclaim against plaintiff and Murphy. Dkt. #2. These included claims that Murphy is plaintiff's agent, that both failed to state the insured vessel's actual appraised value in the policy, that reformation of the policy is required, that both plaintiff and Murphy breached the contract of insurance and that both acted in bad faith in various ways, including failing to undertake a good faith investigation of defendant's insurance claim. Murphy relies on these claims to show that dismissal of its cross-claim against plaintiff is not warranted.

Murphy concedes the merits of plaintiff's argument that both of them cannot be liable to defendant, because an agent cannot be liable on claims such as breach of the insurance contract. It argues, however, that the question before the court is not whether defendant will ultimately prevail on the merits against either or both of them, but whether Murphy has a viable claim for contribution or indemnification based on the actual causes of action that defendant asserted in its counterclaim against plaintiff and its third-party complaint against Murphy.

Unlikely as it is that defendant could prevail against both plaintiff and Murphy on any claim he has asserted, it would be premature to say it would be impossible. As defendant's claims are presented, they give rise to claims for contribution and indemnification. The parties' claims need further development before the merits of Murphy's cross-claims can be addressed. At a minimum, it is necessary to determine whose agent Murphy was and what duties and liabilities flow from that determination.

3

Accordingly, I will deny plaintiff's motion to dismiss Murphy's cross-claim without prejudice.

ORDER

IT IS ORDERED that plaintiff Markel American Insurance Company's motion to dismiss third-party defendant Murphy Insurance Services, Inc. is DENIED.

Entered this 25th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4