IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARKEL AMERICAN
INSURANCE COMPANY,

                                                                 OPINION AND ORDER

                Plaintiff,

                                                                  09-cv-226-bbc

    v.

FRED BACHMANN,

                Defendant-
                Third Party Plaintiff,

    v.

MURPHY INSURANCE
SERVICES, INC.,

                Third-Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil action for declaratory relief is before the court on plaintiff Markel American Insurance Company's motion for reconsideration of the June 2, 2010 order granting plaintiff's motion for summary judgment in two respects: (1) as to plaintiff's claim that third-party defendant Murphy Insurance Services, Inc. was not acting as its agent in connection with either defendant Fred Bachmann's purchase of the insurance policy at issue

1

in this case or any servicing of that policy and (2) as to third-party defendant's cross-claim against plaintiff for contribution. I denied the motion with respect to plaintiff's claim that defendant is charged with knowledge of the contents of the insurance policy issued to him in 2008 after I found that the record did not show either that any entity was acting as defendant's agent at that time or if one was, whether plaintiff had sent a copy of the policy directly to that agent or to defendant. I noted as well that it remained disputed whether the policy at issue was one of ocean or inland marine because the record contained evidence suggesting that the Wisconsin Commissioner of Insurance considered it one of inland marine, even though plaintiff classified it as one of ocean marine. If the policy was inland marine, any new endorsement to the policy would have had to have been approved by the commissioner before it could be added to defendant's policy, whereas if the policy was ocean marine, no approval was required under Wisconsin law.

    In its motion for reconsideration, plaintiff argues that the court erred in refusing to find that the brokers who acted on defendant's behalf in securing the marine insurance policy continued to act as his broker in connection with subsequent renewals of the policy. As to the characterization of the policy as inland or ocean, plaintiff says first, that defendant did not raise the issue in its brief in opposition to the motion for summary judgment, leading plaintiff to believe that it had conceded the issue and, second, that copies of communications it had sent to defendant showed that the commissioner is now convinced that the policy at

2

issue was an ocean marine policy.

On the issue of the brokers, plaintiff contends that it is entitled to summary judgment as a matter of law even if the brokers did not carry out their duty to defendant, "[s]ince there is absolutely no dispute with regard to what these brokers did, nor with respect to what these brokers were and were not authorized to do . . . ." Plt.'s Br., dkt. #134, at 3. This is an odd statement in light of the record, which shows nothing about what these brokers did in any year other than 2005, when Midwest helped defendant find an insurer that would consider insuring his high performance boat. It is perfectly possible that in subsequent years and in 2008 in particular, Midwest or First Western continued to act as defendant's agents in helping him obtain renewals of the policy and other respects, but the record does not provide any support for such a finding. Plaintiff is correct that if either of these entities was acting as defendant's broker in 2008 and received a copy of the policy, defendant is held to have had knowledge of the policy's terms and its restrictive endorsements, but it is in error in saying that the proposed facts required the court to find that such a relationship existed. They did not.

Plaintiff argues that it is not its burden but defendant's to demonstrate that Midwest and First Western acted as defendant's agents with respect to the policy. Plaintiff is correct if it is talking about the final outcome of the case. On a motion for summary judgment, however, plaintiff has a different burden, because it is trying to show that defendant could

3

not recover as a matter of law. As the movant, plaintiff must prove both that defendant had an agency relationship with a broker and that the broker received a copy of the policy. (Alternatively, it could prove that it sent a copy of the policy directly to defendant, but for the purpose of this motion, plaintiff is not challenging defendant's position that he never received a copy of the policy from anyone.)

Plaintiff cites Essex Insurance Co. v. Zota, 985 So. 2d 1036 (Fla. 2008), in support of its position that this court erred in denying summary judgment. Zota is inapposite. It cannot help plaintiff because the issues in dispute in this case (whether any entity was acting as a broker for defendant and whether a copy of the policy was delivered to the broker) were undisputed in Zota.

Plaintiff argues at length that the legal presumption is that "any brokers involved in obtaining the coverage [for defendant] acted as the agents of the insured. . . Here, each year that Murphy, Midwest and First Western procured the policy and its renewals for the insured, they were [defendant's] agents. Hence, at the time First Western received the policy documents containing the Endorsements for the renewal period 2008-2009 . . ., that knowledge was imputable to [defendant]." Plt.'s Br., dkt. #134, at 5. The flaw in this argument is not the law, but the absence of facts in the record to support the application of the law. Plaintiff cites nothing to support its assumption that Murphy, Midwest and First Western procured renewals for defendant. It cites evidence to support its allegation that

4

First Western received a copy of the 2008-09 policy issued to defendant before the accident to defendant's boat, but it never proposed that evidence in support of its motion for summary judgment. With good reason, defendant and third party defendant object to plaintiff's reliance on newly produced evidence at this stage of the proceedings.

Although plaintiff does not seem to believe it, I agree that plaintiff has proven that neither third party defendant nor any one of the brokers involved in obtaining coverage for defendant's boat, other than First Marine, was acting as an agent for plaintiff at any time in connection with the insurance policy at issue. I do not agree that plaintiff need not prove that it sent defendant or his agent a copy of the 2008-09 policy. If plaintiff cannot prove that defendant received a copy himself, it must prove that in 2008, it sent a copy of the renewal policy to someone or some entity acting as defendant's agent. To do that, it has to show that defendant and the broker had an agency relationship *at that time,* not just that one existed when the policy was first procured in 2005.

Plaintiff then cites evidence that suggests that it could prove that the answer to the first two questions is yes and the answer to the third question is no, in which case it would prevail. It points to evidence in the form of emails between a representative of First Western and third party defendant on defendant's need for an out-of-water survey of his boat before his insurance policy could be renewed; evidence from Tom Berry attesting to the receipt of the 2008 renewal policy at the First Western office before the date of the accident; and

5

correspondence between counsel for plaintiff and the Wisconsin Insurance Commission in which the commissioner's office concluded that defendant's policy was one of ocean marine. Had it submitted this evidence when it filed its motion for summary judgment and made it the subject of proposed findings of fact so that defendant and third party defendant could have responded to it, it is highly likely that plaintiff would have won complete summary judgment. (I do not agree with third party defendant that any action by defendant was necessary to make First Western his agent beyond working with the broker to obtain a renewal of his policy. That act was an implicit endorsement of the agency relationship.) Without the necessary factual predicates, however, it was not possible to find the facts that would support plaintiff's view of the law.

It is unfortunate that it has taken so long to resolve this case. Plaintiff is not entitled to reconsideration of the June 2, 2010 order because it has not met the requirements for obtaining such relief. It has not identified a manifest error of law or fact in the court's opinion or shown that it has newly discovered evidence. Egonmwan v. Cook Codunty Sheriff's Dept., 602 F. 3d 845, 852 (7th Cir. 2002). Nevertheless, as plaintiff points out, it makes little sense to hold a trial if plaintiff holds all the cards it needs to prevail in the form of evidence showing that Midwest or First Western was acting as defendant's agent in 2008, that either or both received a timely copy of the policy, so that defendant is legally bound to have known the restrictions of the policy and that the policy is one of ocean

marine and therefore, outside the requirement that new endorsements must be submitted to the Wisconsin Insurance Commissioner for approval. The parties would be well advised to confer with one another on this score before incurring the fees and costs of trial.

ORDER

IT IS ORDERED that plaintiff Markel American Insurance Company's motion for reconsideration is DENIED for plaintiff's failure to show a manifest error in the court's opinion of June 2, 2010 or that it has newly discovered evidence that it could not have submitted to the court before the motion was decided.

Entered this 12th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge